IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGGIE F. JUSTO, ET.AL, | NO. C 11-00670 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| CHARTER CAPITAL CORPORATION, ET.AL, | **[RE: Docket Item Nos. 6, 10, 11]** |
| Defendant(s). | |

## I. INTRODUCTION

Presently before the Court are motions to dismiss filed by Aurora Loan Services, LLC ("Aurora"); Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB ("Aurora Bank"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Michelle Saito; and Charter Capital Corporation dba First Capital Group, Inc. ("Charter Capital") (collectively, "Defendants"). Having reviewed the parties' submissions, the Court finds this matter appropriate for decision without oral argument. Civil L. R. 7-1(b). For the reasons explained below, the Court GRANTS Defendants' motions to dismiss.[1]

## II. BACKGROUND

Plaintiffs Reggie F. Justo and Lorna G. Justo ("Plaintiffs") filed a pro se complaint ("Complaint") in Santa Clara County Superior Court purporting to set forth twenty-nine causes of action against Aurora, Aurora Bank, MERS, Michelle Saito, and Charter Capital. In the Complaint,

---

[1] This disposition is not designated for publication in the official reports.

Plaintiffs assert federal causes of action under the Truth In Lending Act, the Code of Federal Regulations, the Fair and Accurate Credit Transactions Act, and the Real Estate Settlement Procedures Act, as well as numerous California statutory and common law causes of action. (See Docket Item No. 1). On February 14, 2011, Defendants Aurora, Aurora Bank, and MERS removed the action to this District pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1441(b). Id.

On February 22, 2011, Defendants Aurora, Aurora Bank, and MERS filed a motion to dismiss the Complaint for improper venue or, alternatively, for failure to state a claim. (Docket Item No. 6). On March 1, 2011, Defendant Michelle Saito filed a motion to dismiss the Complaint for lack of personal jurisdiction. (Docket Item No. 10). On March 15, 2011, Defendant Charter Capital filed a motion to dismiss the Complaint on the grounds of improper venue and failure to state a claim. (Docket Item No. 11). The hearing date for all three motions was scheduled for May 12, 2011 (Docket Item No. 12), but was subsequently vacated when the action was reassigned to this department on April 25, 2011 (Docket Item No. 15). Three days later, on April 29, 2011, the clerk issued a notice resetting the hearing date for July 1, 2011. (Docket Item No. 16).

Pursuant to Civ. L. R. 7-3(a), Plaintiffs' opposition or statement of non-opposition to the motions to dismiss was due no later than April 21, 2011.[2] As of the date of this Order, Plaintiffs have not filed any opposition or statement of non-opposition to the motions to dismiss. (See e.g., Docket Item Nos. 21, 22, and 23.)

### III. DISCUSSION

"The failure to file an opposition to a motion to dismiss in a manner consistent with the court's rules is grounds for granting the motion." Wiley v. Macy's, No. C 10-1188 SBA, 2010 WL 2636029, at *1 (N.D. Cal. June 30, 2010) (citing Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (holding that a pro se litigant's failure to follow a court's local rules and file a timely opposition to a motion to dismiss is proper grounds for dismissal). Plaintiffs failed to file a timely opposition to any

---

[2] The provisions of Civ. L. R. 7-3(a) in effect at the time required that "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date." The Reassignment Order dated April 25, 2011 was issued *after* the deadline for Plaintiffs to file any opposition(s) and did not alter or extend the time for filing and serving opposing papers.

2

of the three motions to dismiss. Accordingly, the Court hereby grants Defendants' motions to dismiss.

Although the Court could exercise its discretion and dismiss the action without leave to amend, the Court will take a less drastic alternative and afford Plaintiffs an opportunity to amend the Complaint. Should the Plaintiffs choose to amend the Complaint, the Court urges Plaintiffs to consider addressing the deficiencies alleged by Defendants with regard to the current Complaint. Further, the Court reminds Plaintiffs that although they are self-represented, Plaintiffs remain obligated to follow the same rules as represented parties, including the rules applicable to filing timely motions and/or oppositions. Id. Any further violations of the applicable rules and/or orders of this Court will constitute grounds for dismissal with prejudice for failure to prosecute under Rule 41(b).

## IV.  ORDER

Good cause therefore appearing, the Motions to Dismiss filed by Defendants Aurora, Aurora Bank, MERS, Michelle Saito, and Charter Capital are GRANTED, WITH LEAVE TO AMEND, and the Case Management Conference currently scheduled for July 1, 2011 is hereby VACATED. Any amended complaint shall be filed within twenty (20) days of the date of this Order.

Dated:  June 28, 2011

EDWARD J. DAVILA
United States District Judge