**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGGIE F. JUSTO, ET. AL.                   ) | Case No.: 5:11-CV-00670  EJD |
| )                                            | |
| Plaintiffs,           ) | **ORDER GRANTING DEFENDANTS'** |
| )                                            | **MOTIONS TO DISMISS** |
| v.                          ) | |
| )                                            | **[Docket Item Nos. 36, 38, 39]** |
| CHARTER CAPITAL CORPORATION,      ) | |
| ET. AL.                                 ) | |
| Defendants.           ) | |
| )                                            | |

## I.  INTRODUCTION

Presently before the court are three motions filed by Aurora Loan Services, LLC ("Aurora"); Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB ("Aurora Bank"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Michelle Saito; and Charter Capital Corporation dba First Charter Capital Group, Inc. ("Charter Capital") (collectively, "Defendants") to dismiss pro se Plaintiffs Reggie F. Justo and Lorna G. Justo's ("Plaintiffs") First Amended Complaint ("FAC") after their original Complaint was dismissed with leave to amend.  See Docket Item Nos. 36, 38, 39.

Having reviewed the parties' submissions, the court found this matter appropriate for decision without oral argument and previously vacated the associated hearing date.  Civil L.R. 7-1(b).  For the reasons explained below, the court grants Defendants' motions to dismiss.[1]

---

[1] As it currently stands, this court's jurisdiction arises under 28 U.S.C. § 1331 since Plaintiff originally included a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and

## II.  BACKGROUND

In November 2005, Plaintiffs entered into a "loan repayment and security agreement" with Defendant Charter Capital, which required them to repay a loan of $547,000 secured by a mortgage on Plaintiffs' real property, located in Waianae, Hawaii.[2]  See Notice of Removal, at Ex. 2, Docket Item No. 1-2; see also Request of Judicial Notice in Support of Motion to Dismiss ("RJN"), at Ex. A-D, Docket Item No. 41-1.  Plaintiffs allege that the contract to the loan agreement was executed and signed within the County of Santa Clara, California.  See Docket Item No. 1-2 ¶ 18.  However, the recorded Mortgage indicates Plaintiff Lorna Justo signed the document in Hawaii.  See Docket Item No. 41-1 at 15.

Eventually, Plaintiffs defaulted on the loan and a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" was recorded on August 17, 2009.  See Docket Item No. 41-1 at 30.  On October 16, 2009, the property was sold at foreclosure to Aurora and a "Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale" was recorded on November 12, 2009.  Id. at 34-35.  On December 18, 2009, a "Mortgagee's Grant Deed Pursuant to Power of Sale" was recorded.  Id. at 61.

In December 2010, Plaintiffs filed a pro se complaint ("Complaint") in Santa Clara County Superior Court, purporting to set forth twenty-nine causes of action against Aurora, Aurora Bank, MERS, Michelle Saito, and Charter Capital.  See Docket Item No. 1-2.  In the Complaint, Plaintiffs assert federal causes of action under the Truth in Lending Act ("TILA"), the Code of Federal Regulations, the Fair and Accurate Credit Transactions Act ("FACTA"), and the Real Estate

---

the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.  See Notice of Removal, at Ex. 2, Docket Item No. 1-2.  Defendants Aurora, Aurora Bank, and MERS request judicial notice of four mortgage documents, exhibits A-D, recorded with the State of Hawaii Bureau of Conveyances.  See RJN, Docket Item No. 41.  Because Plaintiffs' complaint relies on these loan documents for their claims and the documents are public records not subject to any dispute, the Court GRANTS Defendants' request in its entirety and takes judicial notice of the mortgage documents.  Fed. R. Evid. 201(b)(2).

[2] In Plaintiffs' Opposition to Defendants' Motion to Dismiss, Plaintiff alleges that the $547,000 loan was "to refinance a home loan for their home, located at 68 Park Fletcher Drive, San Jose, CA 9136, County of Santa Clara, State of California," which contradicts earlier statements in the Complaint and FAC.  See Docket Item Nos. 46, 47, 48 at 10.

2

Settlement Procedures Act ("RESPA"), as well as numerous California statutory and common law causes of action.  Id.  On February 14, 2011, Defendants Aurora, Aurora Bank, and MERS removed the action to this District pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).  See Docket Item No. 1.

On January 22, 2011, Defendants Aurora, Aurora Bank, and MERS filed a motion to dismiss the Complaint for improper venue or, alternatively, for failure to state a claim.  See Docket Item No. 6.  On March 1, 2011, Defendant Michelle Saito filed a motion to dismiss the Complaint for lack of personal jurisdiction.  See Docket Item No. 10.  On March 15, 2011, Defendant Charter Capital filed a motion to dismiss the Complaint on the grounds of improper venue and failure to state a claim.  See Docket Item No. 11.

Pursuant to Civ. L.R. 7-3(a), Plaintiffs' opposition or statement of non-opposition to the motion to dismiss was due no later than April 21, 2011, but was not filed by that date.[3]  On June 28, 2011 this court granted Defendants' three motions to dismiss based on Plaintiffs' failure to file a timely opposition.  See Docket Item No. 29.  The court dismissed the action while affording Plaintiffs an opportunity to amend the Complaint.  On June 28, 2011 Plaintiffs filed three opposition briefs.  See Docket Items Nos. 30, 31, 32.

On July 19, 2011, Plaintiffs filed their First Amended Complaint ("FAC"), purporting to set forth nine causes of action, all of which are California statutory and common law causes of action.  See Docket Item No. 35.  In the FAC, Plaintiffs mention federal causes of action under TILA and RESPA, but they are not set forth as separate causes of action.  Plaintiffs' FAC did not remedy any of the deficiencies of their original Complaint.

On July 28, 2011, Defendant Michelle Saito filed a motion to dismiss the FAC for lack of personal jurisdiction.  See Docket Item No. 36.  On August 2, 2011, Defendant Charter Capital filed a motion to dismiss the FAC for failure to state a claim.  See Docket Item No. 38.  On August 4, 2011, Defendants Aurora, Aurora Bank, and MERS filed a motion to dismiss the FAC for

---

[3] The Local Rules of the United States District Court for the Northern District of California were amended on June 2, 2011 to require that any opposition motion to be served and filed not more than 14 days after the motion is served and filed and not exceed 25 pages of text.  Civ. L.R. 7-3(a).

3

1    improper venue, or alternatively, for failure to state a claim, and a motion to dismiss claims for

2    failure to allege the circumstances with particularity.  See Docket Item No. 39.

3           Pursuant to Civ. L.R. 7-3(a), Plaintiffs' opposition or statement of non-opposition to the

4    motion to dismiss was due no later than August 18, 2011, however, Plaintiffs did not file

5    oppositions until January 3, 2012.[4]  See Docket Item Nos. 46, 47, 48.  Defendant Michelle Saito

6    filed a reply to Plaintiffs' opposition on January 6, 2012.  See Docket Item No. 49.  Defendants

7    Aurora and Charter Capital filed replies to Plaintiffs' opposition on January 10, 2011.  See Docket

8    Item Nos. 50, 51.

9                                    **III.   LEGAL STANDARD**

10          A party may bring a motion asking the court to dismiss the action for improper venue

11   pursuant to Federal Rule of Civil Procedure 12(b)(3).  It is the plaintiff's burden to show that venue

12   is proper.  See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).

13   When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such

14   case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

15   Dismissal, rather than transfer, may be appropriate where the transfer would not be "in the interest

16   of justice."  See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

17          On a motion to dismiss pursuant to Rule 12(b)(3), "the pleadings need not be accepted as

18   true, and the court may consider facts outside of the pleadings."  Murphy v. Schneider National,

19   Inc., 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted).  Nonetheless, the court must draw all

20   reasonable inferences in favor of the non-moving party.  Id. at 1138.  The court may properly take

21   judicial notice of facts which are "not subject to reasonable dispute" because they are generally

22   known within the jurisdiction of the court or capable of verification by reliable sources.  Fed. R.

23   Evid. 201(b).

24          Furthermore, Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim

25   with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the

26

_____

27   [4] Since the court cannot find prejudice to Defendants, it has considered Plaintiffs' untimely
     opposition.

28
                                                     4
     Case No.: 5:11-CV-00670 EJD
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANTS' REQUEST FOR
     JUDICIAL NOTICE

United States District Court
For the Northern District of California

grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations omitted). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." <u>Id.</u> at 555, 570. A complaint may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Recitals of the elements of a cause of action and conclusory allegations are insufficient. <u>Id.</u>

In considering the sufficiency of a claim, the court must accept as true all of the factual allegations contained in the complaint. <u>Id.</u> However, the court is not required to accept as true legal conclusions cast in the form of factual allegations. <u>Twombly</u>, 550 U.S. at 555.

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). If amendment would be futile, however, a dismissal may be ordered with prejudice. <u>Dumas v. Kipp</u>, 90 F.3d 386, 393 (9th Cir.1996) (quotation omitted). As the Supreme Court has held, repeated failure to cure deficiencies in a complaint is reason enough to deny leave to amend. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Abagninin v. AMVAC Chem. Corp.</u>, 545 F.3d 733, 742 (9th Cir. 2008).

## IV. DISCUSSION

### A. Improper Venue

Defendants argue that venue is improper and ask the Court to dismiss the FAC in its entirety pursuant to Rule 12(b)(3), or in the alternative to transfer this case to the District of Hawaii. <u>See</u> Docket Item Nos. 36, 38, 39. Defendants argue that the "local action doctrine" controls because real property is involved. The local action doctrine requires actions involving real

United States District Court
For the Northern District of California

1   property to be brought in the state where the property is located.[5]  See Prawoto v. PrimeLending ,

2   720 F.Supp.2d 1149, 1157 (C.D. Cal. 2010); United States v. Byrne, 291 F.3d 1056, 1060 (9th Cir.

3   2002) ("The federal district courts' jurisdiction over actions concerning real property is generally

4   coterminous with the states' political boundaries.").  A "plaintiff seeking rescission of her mortgage

5   in order to avoid foreclosure [is] subject to the local action doctrine."  Fowler v. Wells Fargo Bank,

6   N.A., 2011 WL 175506, at *3 (N.D. Cal. Jan. 18, 2011).  That a complaint "seeks money damages

7   does not undermine the conclusion that the action is local."  Prawoto, 720 F.Supp.2d at 1158.

8          In the instant case, the real property at issue is located on 86-608 Puuhulu Rd., Waianae,

9   Hawaii.  See FAC, Docket Item No. 35 ¶¶ 23, 25.  Plaintiffs contend that "at all relevant times

10   herein, Plaintiffs were and are . . . residents of . . . County of Santa Clara, State of California" and

11   "the signing of the loan documents and the contract formation occurred in Santa Clara County,

12   California."  Id. ¶¶ 7, 21.  However, the recorded Mortgage indicates that Plaintiff Lorna Justo

13   appeared before a notary public in Hawaii on November 7, 2005 to sign the document, while

14   Reggie Justo appeared before a notary public in Santa Clara on November 8, 2005.  See Docket

15   Item No. 41-1 at 15, 16.  Additionally, by the terms of the Mortgage itself, the Mortgage is

16   "governed by . . . the law of the jurisdiction in which the property is located" which, in this case, is

17   Hawaii.  Id. at 11.

18          Accordingly, venue in this district is improper under the local action doctrine.  Furthermore,

19   the court finds that the instant case should be dismissed rather than transferred.  Defendants argue

20   that dismissal is proper because many claims are time-barred and Plaintiff's FAC fails to allege any

21   facts which would constitute a claim.  See Docket Item No. 40 at 11, 12.  The court agrees.

22   Accordingly, transfer would be futile and dismissal is appropriate.

23

24

25   _____

[5] The local action doctrine is derived from English common law.  Eldee-K Rental Properties, LLC
26   v. Directv, Inc., 2011 WL 5600507, at *2 (N.D. Cal. Nov. 17, 2011).  A leading treatise states that
     "this concept . . . is established firmly in federal jurisprudence . . . that local actions can be brought
27   only where the property involved in the action is located."  14D Wright, Miller & Cooper, Federal
     Practice and Procedure § 3822 (3d ed. 2011) (citing cases).
28
     Case No.: 5:11-CV-00670 EJD
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANTS' REQUEST FOR
     JUDICIAL NOTICE

United States District Court
For the Northern District of California

**B.  Federal Claims**

In the FAC, Plaintiffs fail to set forth any federal causes of action.  The FAC only pleads California statutory and common law causes of action.  However, because the FAC references certain federal statutes, the court addresses them below.  To the extent that Plaintiffs rely on federal claims, Defendants correctly argue that the claims are time-barred and not sufficiently pled under Rule 12(b)(6).  Additionally, because Plaintiffs essentially failed to substantively amend their complaint to address deficiencies raised by Defendants, leave to amend the claims is denied.

**a.  The TILA Claim**

The FAC references TILA, although Plaintiffs do not separately plead a TILA claim.[6]  <u>See</u> Docket Item No. 35 ¶¶ 4, 20.  For damages claims, TILA provides a one-year statute of limitation from the signing of the loan documents.  15 U.S.C. § 1640(e); <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003).  A claim for rescission must be brought within three years of the same date.  15 U.S.C. § 1635(f); <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002).

Here, the loan transaction was signed by Plaintiffs on November 7 and 8, 2005 and the Complaint was filed on December 28, 2010, more than five years after the loan transaction was consummated.  <u>See</u> Docket Item No. 40-1 at 15, 16; Docket Item No. 1.  Accordingly, the one-year limitations period for damages has lapsed, as has the three-year limitations period for rescission.  Furthermore, the request for rescission under TILA is absolutely barred since that claim cannot be equitably tolled.  <u>See</u> <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998).

Nonetheless, for damages claims under TILA, equitable tolling may "suspend the limitations period until the borrower discovers or had a reasonable opportunity to discover the fraud or nondisclosures . . . ."  <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986).  "Equitable tolling is generally applied 'where the claimant has actively pursued his judicial remedies . . . or where the complainant has been induced or tricked by his adversary's misconduct into allowing the

---

[6] Plaintiffs attempt to reframe their TILA allegations as separate claims in their opposition motions. <u>See</u> Docket Item Nos. 46, 47, 48 at 16-26.  However, this claim remains time-barred.

Case No.: 5:11-CV-00670 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

United States District Court
For the Northern District of California

1  filing deadline to pass.'" O'Donnell v. Vencor, Inc., 465 F. 3d 1063, 1068 (9th Cir. 2006) (quoting

2  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

3       Plaintiffs claim that Defendants "neither explained the workings of the entire mortgage loan

4  transaction, how the rates, finance charges, costs and fees were computed, nor the inherent

5  volatility of the loan product(s) . . . ." See Docket Item No. 35 ¶ 41.  The FAC further alleges that

6  Defendants' failure to translate the necessary information into Tagalog, Plaintiffs' native language,

7  placed Plaintiffs in a disadvantaged position.  Id. ¶ 42.  Accepting that allegation as true, it is

8  insufficient to suffice for equitable tolling to apply.  See Gomez v. Wachovia Mortgage Corp.,

9  2010 WL 291817, at *4 (N.D. Cal. Jan 19, 2010) (finding that even if documents were not

10  translated into Spanish, "Plaintiff did not allege, or imply, any facts or circumstances that served to

11  prevent her – in the exercise of all due diligence – from having the document translated into

12  Spanish or having a third party review the documents for her."); Cabrera v. Long Beach Mortg.,

13  2011 WL 1113467, at *3 (N.D. Cal. March 25, 2011).

14       Plaintiffs, in their opposition motion, claim that equitable tolling applies to them and point

15  to an unpublished case, Gonzalez v. Ameriquest Mortg. Co., 2004 WL 2472249 (N.D. Cal. March

16  1, 2004), where Defendants knew Plaintiff could only speak Spanish, but never provided her with

17  loan documents in Spanish, the court granted that this was reason enough to allow for equitable

18  tolling.  See Docket Item Nos. 46, 47, 48.  However, Gonzalez is factually distinguishable from

19  Plaintiffs' case because Gonzalez performed due diligence by requesting loan documents which

20  Ameriquest denied to give her without payment, Ameriquest induced Gonzalez not to have an

21  attorney examine the documents, Gonzalez plead sufficient facts to show that Ameriquest knew she

22  only spoke Spanish, and the complaint was filed only a few days after the expiration of the one-

23  year statute of limitations for TILA.  Additionally, in recent cases in this district, Judges Breyer

24  and Koh have considered allegations virtually identical to those presented here and found that such

25  allegations were insufficient to toll the statute of limitations.  Cabrera, 2011 WL 1113467; Razon

26  v. Bank of America, 2011 WL 1344272 (N.D. Cal. Apr. 8, 2011).

27

28

Case No.: 5:11-CV-00670 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE

United States District Court
For the Northern District of California

1    No allegations demonstrate excusable delay by the Plaintiff.  Accordingly, the TILA claim

2    is dismissed with prejudice.

3        **b.  The RESPA Claim**

4        The FAC also references RESPA, but does not separately state a RESPA claim or provide a

5    factual basis to support such a claim.  See Docket Item No. 35 ¶¶ 4, 20.  Plaintiffs allege that the

6    loan resulted in hidden and unearned fees for Defendant Charter Capital through a "Yield Spread

7    Premium" which was explained to Plaintiffs as a "credit for closing costs."  Id. ¶¶ 55, 58.

8        RESPA claims alleging improper yield spread premiums are properly brought under 12

9    U.S.C. § 2607 and are governed by a one-year statute of limitations.  See 12 U.S.C. § 2614; Razon,

10    2011 WL 1344272, at *5.  As discussed above, Plaintiffs did not file this action until more than

11    five years had passed after they signed their loan documents.  As such, their claims are time-barred

12    under RESPA.

13        The Ninth Circuit has not addressed whether equitable tolling is available under RESPA,

14    and district courts have reached different conclusions.  Cabrera, 2010 WL 5211460, at *4.  See,

15    e.g., Brewer v. Indymac Bank, 609 F. Supp. 2d 1104, 1118 (E.D. Cal. 2009); Kay v. Wells Fargo &

16    Co., 247 F.R.D. 572, 578 (N.D. Cal. 2007).  Regardless, Plaintiffs have not requested equitable

17    tolling on this claim and no allegations demonstrate excusable delay.[7]  Therefore, the RESPA

18    claim is time-barred.  Accordingly, the RESPA claim is dismissed with prejudice.

19        **C.  Other Federal Claims**

20        The FAC mentions a myriad of federal laws, but Plaintiffs fail to state any facts that explain

21    how the federal statutes were violated.  See Docket Item No. 35 ¶¶ 4, 20, 64, 86, 166, 173, 176,

22    184, 191.  As such, Plaintiffs' claims fail to meet the standard of sufficiency as required by Fed. R.

23    Civ. P. 8(a).  See Ashcroft, 129 S. Ct. 1937.  A complaint will not survive a motion to dismiss if its

24

25    [7] Plaintiffs attempt to address this deficiency in their opposition briefs.  See Docket Item Nos. 46,
     47, 48 at 28-30.  Plaintiffs allege that Defendants violated RESPA by failing to comply with
26    RESPA's disclosure requirements at the time of closing and that RESPA's statute of limitations
     should be equitably tolled because Plaintiffs never received a copy of the loan documents in
27    Tagalog.  Id.  However, as discussed above, these facts are not enough to demonstrate excusable
     delay by Plaintiffs.
28
                                            9
     Case No.: 5:11-CV-00670 EJD
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANTS' REQUEST FOR
     JUDICIAL NOTICE

United States District Court
For the Northern District of California

1  factual allegations "do not permit the court to infer more than the mere possibility of misconduct . .

2  . ." Id. at 1949.  Although the federal rules allow for a flexible pleading policy, particularly with

3  regard to a plaintiff appearing pro se, a complaint must still provide fair notice of the claims and

4  must allege enough facts to state the elements of each claim plainly and succinctly.  Fed. R. Civ. P.

5  8(a); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiffs had the

6  opportunity to substantively amend their Complaint to address this defect, but they did not do so.

7  Allowing for further amendments would therefore be futile.

8        Accordingly, even under a liberal reading of the FAC, pursuant to Fed. R. Civ. P. 12(b)(6),

9  all of these federal claims are dismissed with prejudice.

10        **D.  Remaining State Law Claims**

11        The jurisdiction of federal courts is limited, and is only properly exercised over those cases

12  raising federal questions or involving parties with diverse citizenship.  Exxon Mobil Corp. v.

13  Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

14        "[O]nce a court has original jurisdiction over some claims in the action, it may exercise

15  supplemental jurisdiction over additional claims that are part of the same case or controversy." Id.

16  However, a district court may properly decline to exercise supplemental jurisdiction over state-law

17  claims if such claims "substantially predominate[] over the claim or claims over which the district

18  court has original jurisdiction" or the court "has dismissed all claims over which it has original

19  jurisdiction." 28 U.S.C. § 1367(c).

20        In the FAC, Plaintiffs fail to set forth any federal causes of action.  However, Plaintiffs'

21  FAC mentions a number of federal statutes, including TILA and RESPA, which the court addresses

22  above.  As all federal claims have been dismissed with prejudice, only claims based in state law

23  remain.  Furthermore, no diversity of citizenship exists, as Plaintiffs and at least one Defendant are

24  citizens of California.

25        As such, the Court must decline to exercise supplemental jurisdiction over the remaining

26  state law claims.

27

28
Case No.: 5:11-CV-00670 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) are GRANTED WITHOUT LEAVE TO AMEND. Venue in this district is improper under the local action doctrine and transfer would be futile because claims are time-barred.  Additionally, Defendants Aurora, Aurora Bank, and MERS's Request for Judicial Notice is GRANTED.

Furthermore, the court finds that since this order is dispositive of the entire case, all other motions are DENIED AS MOOT.  The Clerk shall close this file upon entry of Judgment.

**IT IS SO ORDERED.**

Dated: February 2, 2012



EDWARD J. DAVILA
United States District Judge

11

Case No.: 5:11-CV-00670 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE